UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60599-RAR

**HUA HARRAH**, *et al.*,

    Plaintiffs,

v.

**JULIA GARDENS PROPERTY OWNERS ASSOCIATION, INC.**,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 13] ("Motion"). The Court held a hearing on the Motion on July 15, 2021 ("Hearing"). *See* Paperless Minute Entry [ECF No. 31]. Having reviewed the Motion, Response [ECF No. 20], and Reply [ECF No. 29], heard from the parties, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** *with leave to amend* as follows:

    1.    As discussed at the Hearing, Count I of the Amended Complaint [ECF No. 6] is dismissed because Plaintiffs have insufficiently alleged that their applications for residency were rejected as required to state a *prima facie* case of housing discrimination. *See Gonzalez v. Sunrise Lakes Condo. Apartments Phase III, Inc. 4*, No. 06-61575, 2007 WL 2364050, at *2 (S.D. Fla. Aug. 14, 2007) ("To establish a *prima facie* case of housing discrimination a plaintiff must show: (1) that he or she was a member of a protected class; (2) that he or she applied for and was qualified to rent or purchase certain property or housing; (3) that he or she was rejected; and (4) that the

housing or rental property remained available thereafter."); *see also Lowman v. Platinum Prop. Mgmt. Servs., Inc.*, 166 F. Supp. 3d 1356, 1360 (N.D. Ga. 2016).

2.  Counts III and IV of the Amended Complaint are dismissed because Plaintiffs have not pleaded sufficient facts to support an interference claim under 42 U.S.C. section 3617. As explained on the record, "[c]ourts have interpreted 'interfere' as extending 'only to discriminatory conduct that is so severe or pervasive that it will have the effect of causing a protected person to abandon the exercise of his or her housing rights.'" *Paulk v. Georgia Dep't of Transportation*, No. 16-00019, 2016 WL 3023318, at *9 (S.D. Ga. May 24, 2016) (quoting *Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp. 2d 1133, 1144 (S.D. Fla. 2004)). Plaintiffs do not allege conduct that satisfies this standard—indeed, Plaintiffs' allegations relating to interference are entirely conclusory.

3.  Plaintiffs shall file a Second Amended Complaint in conformance with this Order on or before **July 29, 2021**. The Second Amended Complaint shall address the deficiencies discussed above and withdraw Count II and Plaintiffs' demands for punitive damages and injunctive relief per Plaintiffs' Response. Additionally, as discussed at the Hearing, if Plaintiffs replead Count IV, their Second Amended Complaint shall address the former owner's standing to bring that claim.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of July, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**